## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

**DEANDREA WILLIAMS,**

      **Plaintiff(s),**

**vs.**

**MARK BAKER,**
**J.B. HUNT TRANSPORT INC,**
**KROGER CO. (THE),**
**KROGER DEDICATED LOGISTICS**
**CO.,**
**KROGER LIMITED PARTNERSHIP I,**
**KROGER FULFILLMENT NETWORK**
**LLC, and**
**T & Y UNIVERSAL, LLC**

      **Defendant(s).**

**JURY DEMAND (12)**

**Case No.**

## COMPLAINT

Comes now the Plaintiff, Deandrea Williams, by and through counsel, and files this civil action against the Defendants, Mark Baker, J.B. Hunt Transport Inc, Kroger Co. (The), Kroger Dedicated Logistics Co., Kroger Limited Partnership, Kroger Fulfillment Network LLC, and T & Y Universal, LLC based upon the following grounds:

### I. PARTIES

1.     Plaintiff Deandrea Williams is a resident and citizen of Madison, Madison County, Alabama.

2.     Defendant Mark Baker is a resident and citizen of Elizabethtown, Hardin County, Kentucky residing at 362 Black Ravens Court.

3.     Defendant J.B. Hunt Transport, Inc. is a foreign corporation that conducts business for

1

profit in the state of Tennessee. J.B. Hunt Transport, Inc.'s principal place of business is 615 J.B. Hunt Corporate Drive, Lowell, Arkansas 72745 and it can be served with process through its registered agent/owner Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203.

4.      Defendant Kroger Co. (The) is a foreign corporation that conducts business for profit in the state of Tennessee. Kroger Co. (The)'s principal place of business is 1014 Vine Street, Cincinnati, Ohio 45202 and it can be served with process through its registered agent/owner Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203.

5.      Defendant Kroger Dedicated Logistics Co. is a foreign corporation that conducts business for profit in the state of Tennessee. Kroger Dedicated Logistics Co.'s principal place of business is 1014 Vine Street, Cincinnati, Ohio 45202 and it can be served through its registered agent/owner Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203.

6.      Defendant Kroger Limited Partnership I is a foreign limited partnership that conducts business for profit in the state of Tennessee. Kroger Limited Partnership's principal place of business is 1014 Vine Street, Cincinnati, Ohio 45202 and it can be served through its registered agent/owner Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203.

7.      Defendant Kroger Fulfillment Network LLC is a foreign limited liability company that conducts business for profit in the state of Tennessee. Kroger Fulfillment Network LLC's principal place of business is 1014 Vine Street, Cincinnati, Ohio 45202 and it can be served through its registered agent/owner Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203.

8.      Defendant T & Y Universal, LLC is a foreign limited liability company that conducts business for profit in the state of Tennessee. T &Y Unversal, LLC's principal place of business is 110 Jammye Drive, Cleveland, TX 77328 and it can be served through its registered agent/owner Yaquelin Benitez, 110 Jammye Drive, Cleveland, TX 77328.

9.      Defendants Kroger Co. (The), Kroger Dedicated Logistics Co., Kroger Limited Partnership I, and Kroger Fulfillment Network LLC, are referred to collectively herein as "Kroger Defendants" or "Defendant Kroger."

10.     All Defendant described above may also be referred collectively as "Defendants."

11.     The events complained of herein occurred in Davidson County, Tennessee.  Jurisdiction and Venue are proper.

## II.      FACTS

12.      On or before March 21, 2024, Defendant Kroger Co. (The) hired Defendant J.B. Hunt Transport, Inc to transport their products from distribution centers to stores in various states.

13.     Alternatively, on or before March 21, 2024, Defendant Kroger Dedicated Logistics Co. hired Defendant J.B. Hunt Transport to transport their products from distribution centers to stores in various states.

14.     Alternatively, on or before March 21, 2024, Defendant Kroger Limited Partnership I hired Defendant J.B. Hunt Transport to transport their products from distribution centers to stores in various states.

15.     Alternatively, on or before March 21, 2024, Defendant Kroger Fulfillment Network hired Defendant J.B. Hunt Transport to transport their products from distribution centers to stores in various states.

3

16.     Alternatively, Defendant Mark Baker, working directly for Defendant Kroger Co. (The), was tasked to transport their products from distributions centers to stores in various states.

17.     Alternatively, Defendant Mark Baker, working directly for Defendant Kroger Dedicated Logistics Co., was tasked to transport their products from distributions centers to stores in various states.

18.     Alternatively, Defendant Mark Baker, working directly for Defendant Kroger Limited Partnership I, was tasked to transport their products from distributions centers to stores in various states.

19.     Alternatively, Defendant Mark Baker, working directly for Defendant Kroger Fulfillment Network, was tasked to transport their products from distributions centers to stores in various states.

20.     Alternatively, one or more of the Kroger Defendants hired Defendant T & Y Universal, LLC to transport their products from distribution centers to stores in various states.

21.     Alternatively, Defendant J.B. Hunt Transport hired Defendant T & Y Universal, LLC to transport their products from distribution centers to stores in various states.

22.     On March 21, 2024, Ms. Deandrea Williams operated a 2016 Grey Acura MDX, eastbound on Old Hickory Boulevard in Davison County, Tennessee.

23.     On the same date and at the same time, Defendant Mark Baker operated a tractor-trailer, turning right from the parking lot of 5713 Edmonson Pike, Nashville, TN 37211.

24.     Defendant J.B. Hunt Transport, Inc was the owner of the tractor-trailer operated by Defendant Mark Baker.

25.     Alternatively, Defendant Kroger Co. (The) was the owner of the tractor-trailer operated by

4

Defendant Mark Baker.

26. Alternatively, Defendant Kroger Dedicated Logistics, Co. was the owner of the tractor-trailer operated by Defendant Mark Baker.

27. Alternatively, Defendant Kroger Limited Partnership I was the owner of the tractor-trailer operated by Defendant Mark Baker.

28. Alternatively, Defendant Kroger Fulfillment Network, LLC was the owner of the tractor-trailer operated by Defendant Mark Baker.

29. Alternatively, T & Y Universal was the owner of the tractor-trailer operated by Defendant Mark Baker.

30. On the date and time of the collision described herein, Defendant Mark Baker operated the tractor-trailer with the knowledge, consent, and permission of its owner, Defendant J.B. Hunt Transport, Inc, and such vehicle was being used for the driver's use and benefit in accordance with Tenn. Code Ann. § 55-10-311 and/or § 55-10-312.

31. Alternatively, on the date and time of the collision described herein, Defendant Mark Baker operated the tractor-trailer with the knowledge, consent, and permission of its owner, Defendant Kroger Co. (The), and such vehicle was being used for the driver's use and benefit in accordance with Tenn. Code Ann. § 55-10-311 and/or § 55-10-312.

32. Alternatively, on the date and time of the collision described herein, Defendant Mark Baker operated the tractor-trailer with the knowledge, consent, and permission of its owner, Defendant Kroger Dedicated Logistics, Co., and such vehicle was being used for the driver's use and benefit in accordance with Tenn. Code Ann. § 55-10-311 and/or § 55-10-312.

33. Alternatively, on the date and time of the collision described herein, Defendant Mark Baker

5

operated the tractor-trailer with the knowledge, consent, and permission of its owner, Defendant
Kroger Limited Partnership I, and such vehicle was being used for the driver's use and benefit in
accordance with Tenn. Code Ann. § 55-10-311 and/or § 55-10-312.

34.     Alternatively, on the date and time of the collision described herein, Defendant Mark Baker
operated the tractor-trailer with the knowledge, consent, and permission of its owner, Defendant
Kroger Fulfillment Network, and such vehicle was being used for the driver's use and benefit in
accordance with Tenn. Code Ann. § 55-10-311 and/or § 55-10-312.

35.     Alternatively, on the date and time of the collision described herein, Defendant T & Y
Universal operated the tractor-trailer with the knowledge, consent, and permission of its owner, T
& Y Universal, and such vehicle was being used for the driver's use and benefit in accordance
with Tenn. Code Ann. § 55-10-311 and/or § 55-10-312.

36.     At all times herein, Defendant Mark Baker was operating his employer's motor vehicle
within the course and scope of his employment for Defendant J.B. Hunt Transport.

37.     Alternatively, at all times herein, Defendant Mark Baker was operating his employer's
vehicle within the course and scope of his employment for Defendant Kroger Co. (The).

38.     Alternatively, at all times herein, Defendant Mark Baker was operating his employer's
vehicle within the course and scope of his employment for Defendant Kroger Dedicated Logistics
Co.

39.     Alternatively, at all times herein, Defendant Mark Baker was operating his employer's
vehicle within the course and scope of his employment for Defendant Kroger Limited Partnership
I.

40.     Alternatively, at all times herein, Defendant Mark Baker was operating his employer's

6

vehicle within the course and scope of his employment for Defendant Kroger Fulfillment, LLC.

41.     Alternatively, at all times herein, Defendant Mark Baker was operating his employer's vehicle with the course and scope of his employment for T & Y Universal, LLC.

42.     At all times herein, Defendant Mark Baker drove the truck as an agent of, and for the benefit of, Defendant J.B. Hunt Transport.

43.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as an agent of, and for the benefit of, Defendant Kroger Co. (The).

44.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as an agent of, and for the benefit of, Defendant Kroger Dedicated Logistics Co.

45.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as an agent of, and for the benefit of, Defendant Kroger Limited Partnership I.

46.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as an agent of, and for the benefit of, Defendant Kroger Fulfillment Network, LLC.

47.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as an agent of T & Y Universal.

48.     At all times herein, Defendant Mark Baker drove the truck as a contractor for Defendant J.B. Hunt Transport.

49.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as a contractor for Defendant Kroger Co. (The).

50.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as a contractor for Defendant Kroger Dedicated Logistics, Co.

51.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as a contractor

7

for Defendant Kroger Limited Partnership I.

52.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as a contractor for Defendant Kroger Fulfillment Network, LLC.

53.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck as a contractor for Defendant T & Y Universal.

54.     At all times herein, Defendant Mark Baker drove the truck under the US DOT authority of Defendant J.B. Hunt.

55.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck under the US DOT authority of Defendant Kroger Co. (The).

56.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck under the US DOT authority of Defendant Kroger Dedicated Logistics, Co.

57.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck under the US DOT authority of Defendant Kroger Limited Partnership I.

58.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck under the US DOT authority of Defendant Kroger Fulfillment Network, LLC.

59.     Alternatively, and at all times herein, Defendant Mark Baker drove the truck under the US DOT authority of Defendant T & Y Universal.

60.     Plaintiff Deandrea Williams was at a complete stop on Old Hickory Blvd. due to a red light.

61.     Suddenly, and without warning, Defendant Mark Baker negligently drove the right side of his tractor-trailer into the rear driver's side of the vehicle being operated by Deandrea Williams

8

resulting in a "side-swipe" collision as depicted below:



62.     The collision described herein was caused by the negligent acts and/or omissions of Defendant Mark Baker.

63.     Plaintiff Deandrea Williams suffered painful personal injuries and other harms and losses as a result of this collision.

64.     As a direct and proximate result of the collision described herein Plaintiff Deandrea Williams incurred medical expenses for the treatment of her injuries, and she will likely incur medical expenses in the future.

65.     Defendant Mark Baker had the responsibility to stay in control of the tractor-trailer he operated on March 21, 2024.

66.     Defendant Mark Baker failed to stay in control of the tractor-trailer he operated immediately before the collision described herein.

67.     Defendant Mark Baker had the responsibility to watch where he was going while driving

9

his tractor-trailer on March 21, 2024.

68.    Defendant Mark Baker failed to watch where he was going immediately before the collision described herein.

69.    Defendant Mark Baker had the responsibility to devote full attention to the roadway surrounding him on March 21, 2024.

70.    Defendant Mark Baker failed to devote full attention to the roadway surrounding him immediately before the collision described herein.

71.    Defendant Mark Baker had the responsibility to not drive in a manner that needlessly endangered the Davidson County community on March 21, 2024.

72.    Defendant J.B. Hunt Transport had a responsibility to train its employees to be safe drivers.

73.    Defendant J.B. Hunt Transport failed to train Defendant Mark Baker to be a safe driver.

74.    Alternatively, Defendant Kroger Co. (The) had a responsibility to train its employees to be safe drivers.

75.    Alternatively, Defendant Kroger Co. (The) failed to train Defendant Mark Baker to be a safe driver.

76.    Alternatively, Defendant Kroger Dedicated Logistics Co. had a responsibility to train its employees to be safe drivers.

77.    Alternatively, Defendant Kroger Dedicated Logistics Co. failed to train Defendant Mark Baker to be a safe driver.

78.    Alternatively, Defendant Kroger Limited Partnership I had a responsibility to train its employees to be safe drivers.

79.    Alternatively, Defendant Kroger Limited Partnership I failed to train Defendant Mark

10

Baker to be a safe driver.

80.     Alternatively, Defendant Kroger Fulfillment Network LLC had a responsibility to train its employees to be safe drivers.

81.     Alternatively, Defendant Kroger Fulfillment Network LLC failed to train Defendant Mark Baker to be a safe driver.

82.     Alternatively, Defendant T & Y Universal had a responsibility to train its employees to be safe drivers.

83.     Alternatively, Defendant T & Y Universal failed to train Defendant Mark Baker to be a safe driver.

84.     Defendant J.B. Hunt Transport had the responsibility to hire safe drivers before this incident.

85.     Defendant J.B. Hunt Transport failed to hire a safe driver when they hired Defendant Mark Baker.

86.     Alternatively, Defendant Kroger Co. (The) had the responsibility to hire safe drivers before this incident.

87.     Alternatively, Defendant Kroger Co. (The) failed to hire a safe driver when they hired Defendant Mark Baker.

88.     Alternatively, Defendant Kroger Dedicated Logistics Co. had the responsibility to hire safe drivers before this incident.

89.     Alternatively, Defendant Kroger Dedicated Logistics Co. failed to hire a safe driver when they hired Defendant Mark Baker.

90.     Alternatively, Defendant Kroger Limited Partnership I had the responsibility to hire safe

11

drivers before this incident.

91.     Alternatively, Defendant Kroger Limited Partnership I failed to hire a safe driver when they hired Defendant Mark Baker.

92.     Alternatively, Defendant Kroger Fulfillment Network LLC had the responsibility to hire safe drivers before this incident.

93.     Alternatively, Defendant Kroger Fulfillment Network LLC failed to hire a safe driver when they hired Defendant Mark Baker.

94.     Alternatively, Defendant T & Y Universal had the responsibility to hire safe drivers before this incident.

95.     Alternatively, Defendant T & Y Universal failed to hire a safe driver they hired Defendant Mark Baker.

96.     Defendant J.B. Hunt Transport had the responsibility to ensure that only safe drivers operate their trucks.

97.     Defendant J.B. Hunt Transport failed to ensure that Defendant Mark Baker was a safe driver before allowing him to operate the truck on March 21, 2024.

98.     Alternatively, Defendant Kroger Co. (The) had the responsibility to ensure that only safe drivers operate their trucks.

99.     Alternatively, Defendant Kroger Co. (The) failed to ensure that Defendant Mark Baker was a safe driver before allowing him to operate the truck on March 21, 2024.

100.    Alternatively, Defendant Kroger Dedicated Logistics Co. had the responsibility to ensure that only safe drivers operate their trucks.

101.    Alternatively, Defendant Kroger Dedicated Logistics Co. failed to ensure that Defendant

Mark Baker was a safe driver before allowing him to operate the truck on March 21, 2024.

102. Alternatively, Defendant Kroger Limited Partnership I had the responsibility to ensure that only safe drivers operate their trucks.

103. Alternatively, Defendant Kroger Limited Partnership I failed to ensure that Defendant Mark Baker was a safe driver before allowing him to operate the truck on March 21, 2024.

104. Alternatively, Defendant Kroger Fulfillment Network LLC had the responsibility to ensure that only safe drivers operate their trucks.

105. Alternatively, Defendant Kroger Fulfillment Network LLC failed to ensure that Defendant Mark Baker was a safe driver before allowing him to operate the truck on March 21, 2024.

106. Alternatively, Defendant T & Y Universal had the responsibility to ensure that only safe drivers operate their trucks.

107. Alternatively, Defendant T & Y Universal failed to ensure that Defendant Mark Baker was a safe driver before allowing him to operate the truck on March 21, 2024.

108. Defendant J.B. Hunt Transport had the responsibility to supervise its employees who are allowed to drive its trucks to ensure they do so safely.

109. Defendant J.B. Hunt Transport failed to supervise Defendant Mark Baker to ensure he was a safe driver immediately before the collision described herein.

110. Alternatively, Defendant Kroger Co. (The) had the responsibility to supervise its employees who are allowed to drive its trucks to ensure they do so safely.

111. Alternatively, Defendant Kroger Co. (The) failed to supervise Defendant Mark Baker to ensure he was a safe driver immediately before the collision described herein.

112. Alternatively, Defendant Kroger Dedicated Logistics Co. had the responsibility to

supervise its employees who are allowed to drive its trucks to ensure they do so safely.

113. Alternatively, Defendant Kroger Dedicated Logistics Co. failed to supervise Defendant Mark Baker to ensure he was a safe driver immediately before the collision described herein.

114. Alternatively, Defendant Kroger Limited Partnership I had the responsibility to supervise its employees who are allowed to drive its trucks to ensure they do so safely.

115. Alternatively, Defendant Kroger Limited Partnership I failed to supervise Defendant Mark Baker to ensure he was a safe driver immediately before the collision described herein.

116. Alternatively, Defendant Kroger Fulfillment Network LLC had the responsibility to supervise its employees who are allowed to drive its trucks to ensure they do so safely.

117. Alternatively, Defendant Kroger Fulfillment Network LLC failed to supervise Defendant Mark Baker to ensure he was a safe driver immediately before the collision described herein.

118. Alternatively, Defendant T & Y Universal had the responsibility to supervise its employees who are allowed to drive its trucks to ensure they do so safely.

119. Alternatively, Defendant T & Y Universal failed to supervise Defendant Mark Baker to ensure he was a safe driver immediately before the collision described herein.

120. Defendant J.B. Hunt Transport had a duty to contract with safe delivery companies.

121. Defendant J.B. Hunt Transport failed to contract a safe delivery company when it contracted with Defendant T & Y Universal.

122. Alternatively, Defendant Kroger Co. (The) had a duty to contract with safe delivery companies.

123. Alternatively, Defendant Kroger Co. (The) failed to contract with a safe delivery company when it contracted with Defendant J.B. Hunt Transport.

14

124. Alternatively, Defendant Kroger Co. (The) failed to contract with a safe delivery company when it contracted with Defendant T & Y Universal.

125. Alternatively, Defendant Kroger Dedicated Logistics had a duty to contract with safe delivery companies.

126. Alternatively, Defendant Kroger Dedicated Logistics failed to contract with a safe delivery company when it contracted with Defendant J.B. Hunt Transport.

127. Alternatively, Defendant Kroger Dedicated Logistics failed to contract with a safe delivery company when it contracted with Defendant T & Y Universal.

128. Alternatively, Defendant Kroger Limited Partnership I had a duty to contract with safe delivery companies.

129. Alternatively, Defendant Kroger Limited Partnership I failed to contract with a safe delivery company when it contracted with Defendant J.B. Hunt Transport.

130. Alternatively, Defendant Kroger Limited Partnership I failed to contract with a safe delivery company when it contracted with Defendant T & Y Universal.

131. Alternatively, Defendant Kroger Fulfillment Network had a duty to contract with safe delivery companies.

132. Alternatively, Defendant Kroger Fulfillment Network failed to contract with a safe delivery company when it contracted with Defendant J.B. Hunt Transport.

133. Alternatively, Defendant Kroger Fulfillment Network failed to contract with a safe delivery company when it contracted with Defendant T & Y Universal.

134. Plaintiff Deandrea Williams did nothing to cause the collision described herein.

135. One or more of the Defendants are 100% responsible for causing the collision described

15

herein.

## II.  ACTS OF NEGLIGENCE – MARK BAKER

136.    Defendant Mark Baker owed a duty of reasonable care to Plaintiff Deandrea Williams.

137.    Defendant Mark Baker breached the legal duty of reasonable care and was negligent in one or more of the following ways in that he:

      a.   Failed to maintain a proper lookout on the roadway;

      b.   Failed to drive the tractor trailer with due care;

      c.   Failed to maintain proper control of the semi-truck;

      d.   Failed to change lanes only when it was safe to do so;

      e.   Failed to yield the right of way to the Plaintiff; and

      f.   Failed to see that which was there to be seen and to react reasonably under the circumstances.

138.    As a direct and proximate result of Defendant Mark Baker's negligent acts and/or omissions described herein, Plaintiff Deandrea Williams suffered painful bodily injuries and other damages.

139.    Defendant J.B. Hunt Transport is vicariously liable to the Plaintiff for the negligent acts and/or omissions of Defendant Mark Baker pursuant to *respondeat superior.*

140.    Defendant J.B. Hunt Transport is vicariously liable for the negligent acts and/or omissions, of Defendant Mark Baker because Defendant Mark Baker was operating the tractor trailer on March 21, 2024 with the permission of, and for the benefit of, the Defendant J.B. Hunt Transport as its agent or servant.

141.    On the date and time of the incident described herein, Defendant Mark Baker operated the

16

semi-truck with the knowledge, consent, and permission of its owner, Defendant J.B. Hunt Transport, and such motor vehicle was being used for the owner's use and benefit in accordance with **Tenn. Code Ann. § 55-10-311** and/or **§ 55-10-312**.

142.    Defendant Kroger Co. (The) is vicariously liable to the Plaintiff for the negligent acts and/or omissions of Defendant Mark Baker pursuant to *respondeat superior.*

143.    Defendant Kroger Co. (The) is vicariously liable for the negligent acts and/or omissions, of Defendant Mark Baker because Defendant Mark Baker was operating the semi-truck on March 21, 2024 with the permission of, and for the benefit of, the Defendant Kroger Co. (The) as its agent or servant.

144.    On the date and time of the incident described herein, Defendant Mark Baker operated the semi-truck with the knowledge, consent, and permission of its owner, Defendant Kroger Co. (The) and such motor vehicle was being used for the owner's use and benefit in accordance with **Tenn. Code Ann. § 55-10-311** and/or **§ 55-10-312**.

145.    Defendant Kroger Dedicated Logistics Co. is vicariously liable to the Plaintiff for the negligent acts and/or omissions of Defendant Mark Baker pursuant to *respondeat superior.*

146.    Defendant Kroger Dedicated Logistics Co. is vicariously liable for the negligent acts and/or omissions, of Defendant Mark Baker because Defendant Mark Baker was operating the semi-truck on March 21, 2024 with the permission of, and for the benefit of, the Kroger Dedicated Logistics Co. its agent or servant.

147.    On the date and time of the incident described herein, Defendant Mark Baker operated the semi-truck with the knowledge, consent, and permission of its owner, Defendant Kroger Dedicated Logistics Co., and such motor vehicle was being used for the owner's use and benefit in accordance

with **Tenn. Code Ann. § 55-10-311** and/or **§ 55-10-312**.

148.    Defendant Kroger Limited Partnership I is vicariously liable to the Plaintiff for the negligent acts and/or omissions of Defendant Mark Baker pursuant to *respondeat superior*.

149.    Defendant Kroger Limited Partnership I is vicariously liable for the negligent acts and/or omissions, of Defendant Mark Baker because Defendant Mark Baker was operating the semi-truck on March 21, 2024 with the permission of, and for the benefit of, the Defendant Kroger Limited Partnership I as its agent or servant.

150.    On the date and time of the incident described herein, Defendant Mark Baker operated the semi-truck with the knowledge, consent, and permission of its owner, Defendant Kroger Limited Partnership I and such motor vehicle was being used for the owner's use and benefit in accordance with **Tenn. Code Ann. § 55-10-311** and/or **§ 55-10-312**.

151.    Defendant Kroger Fulfillment Network LLC is vicariously liable to the Plaintiff for the negligent acts and/or omissions of Defendant Mark Baker pursuant to *respondeat superior*.

152.    Defendant Kroger Fulfillment Network LLC is vicariously liable for the negligent acts and/or omissions, of Defendant Mark Baker because Defendant Mark Baker was operating the semi-truck on March 21, 2024 with the permission of, and for the benefit of, the Defendant Kroger Fulfillment Network LLC as its agent or servant.

153.    On the date and time of the incident described herein, Defendant Mark Baker operated the semi-truck with the knowledge, consent, and permission of its owner, Defendant Kroger Fulfillment Network LLC and such motor vehicle was being used for the owner's use and benefit in accordance with **Tenn. Code Ann. § 55-10-311** and/or **§ 55-10-312**.

154.    Defendant T & Y Universal is vicariously liable to the Plaintiff for the negligent acts and/or

18

omissions of Defendant Mark Baker pursuant to *respondeat superior.*

155. Defendant T & Y Universal is vicariously liable for the negligent acts and/or omissions, of Defendant Mark Baker because Defendant Mark Baker was operating the semi-truck on March 21, 2024 with the permission of, and for the benefit of, the Defendant T & Y Universal as its agent or servant.

156. On the date and time of the incident described herein, Defendant Mark Baker operated the semi-truck with the knowledge, consent, and permission of its owner, Defendant T & Y Universal, and such motor vehicle was being used for the owner's use and benefit in accordance with **Tenn. Code Ann. § 55-10-311** and/or **§ 55-10-312**.

### III. NEGLICENCE PER SE – MARK BAKER

157. Defendant Mark Baker was negligent per se in that he violated one or more of the following statutes of the State of Tennessee which were in full force and effect at the time of the collision:

a. **Tenn. Code Ann. § 55-8-136: Due Care;**

b. **Tenn. Code Ann. § 55-10-205: Reckless Driving**:

c. **Tenn. Code Ann. § 55-8-199: Unlawful Use of Wireless Telecommunication Devices;**

d. **Tenn. Code Ann. § 55-8-123: Driving on Roadways Laned for Traffic;**

e. **Tenn. Code Ann. § 55-8-124: Following Too Closely; and**

f. **Tenn. Code Ann. § 55-8-128: Vehicle Approaching or Entering Intersection.**

158. As a direct and proximate result of Defendant Mark Baker's violation of the above statues, Plaintiff Deandrea Williams suffered painful bodily injuries and other damages.

### IV. ACTS OF NEGLIGENCE – J.B. HUNT TRANSPORT

19

159.    Defendant J.B. Hunt Transport owed a duty of reasonable care to Plaintiff Deandrea Williams.

160.    Defendant J.B. Hunt Transport breached the legal duty of reasonable care and was negligent in one or more of the following ways in that:

        a.  Failed to train its driver;

        b.  Failed to hire a safe driver; and

        c.  Failed to supervise its driver.

161.    As a direct and proximate result of Defendant J.B. Hunt Transport's negligent acts and/or omissions described herein Plaintiff Deandrea Williams suffered painful bodily injuries and other damages.

162.    Defendant Kroger Co. (The) is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because J.B. Hunt Transport was contractor for Defendant Kroger Co. (The).

163.    Defendant Kroger Dedicated Logistics Co. is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because J.B. Hunt Transport was contractor for Defendant Kroger Dedicated Logistics Co.

164.    Defendant Kroger Limited Partnership I is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because J.B. Hunt Transport was contractor for Defendant Kroger Limited Partnership I.

165.    Defendant Kroger Fulfillment Network LLC is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because J.B. Hunt Transport was contractor for Defendant Kroger Fulfillment Network, LLC.

166.    Defendant T & Y Universal is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because J.B. Hunt Transport was contractor for Defendant T & Y Universal.

167.    Defendant Kroger Co. (The) is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant J.B. Hunt Transport was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Co. (The) as its agent or servant.

168.    Defendant Kroger Dedicated Logistics Co. is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant J.B. Hunt Transport was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Dedicated Logistics Co as its agent or servant.

169.    Defendant Kroger Limited Partnership I is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant J.B. Hunt Transport was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Limited Partnership I as its agent or servant.

170.    Defendant Kroger Fulfillment Network, LLC is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant J.B. Hunt Transport was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Fulfillment Network, LLC as its agent or servant.

171.    Defendant T & Y Universal, LLC is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant J.B. Hunt Transport was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant T & Y Universal,

LLC as its agent or servant.

## V. ACTS OF NEGLIGENCE – KROGER CO. (THE)

172.    Defendant Kroger Co. (The) owed a duty of reasonable care to Plaintiff Deandrea Williams.

173.    Defendant Kroger Co. (The) breached the legal duty of reasonable care and was negligent in one or more of the following ways in that:

      a.  Failed to train its driver;

      b.  Failed to hire a safe driver; and

      c.  Failed to supervise its driver.

174.    As a direct and proximate result of Defendant Kroger Co. (The)'s negligent acts and/or omissions described herein Plaintiff Deandrea Williams suffered painful bodily injuries and other damages.

## VI. ACTS OF NEGLIGENCE – KROGER DEDICATED LOGISTICS CO.

175.    Defendant Kroger Dedicated Logistics Co. owed a duty of reasonable care to Plaintiff Deandrea Williams.

176.    Defendant Kroger Dedicated Logistics Co. breached the legal duty of reasonable care and was negligent in one or more of the following ways in that:

      a.  Failed to train its driver;

      b.  Failed to hire a safe driver; and

      c.  Failed to supervise its driver.

177.    As a direct and proximate result of Defendant Kroger Dedicated Logistic's negligent acts and/or omissions described herein Plaintiff Deandrea Williams suffered painful bodily injuries and

22

other damages.

## VII.    ACTS OF NEGLIGENCE – KROGER LIMITED PARTNERSHIP I

178.    Defendant Kroger Limited Partnership I owed a duty of reasonable care to Plaintiff Deandrea Williams.

179.    Defendant Kroger Limited Partnership I breached the legal duty of reasonable care and was negligent in one or more of the following ways in that:

>    a.   Failed to train its driver;
>
>    b.   Failed to hire a safe driver; and
>
>    c.   Failed to supervise its driver.

180.    As a direct and proximate result of Defendant Kroger Limited Partnership I's negligent acts and/or omissions described herein Plaintiff Deandrea Williams suffered painful bodily injuries and other damages.

## VIII.    ACTS OF NEGLIGENCE – KROGER FULFILLMENT NETWORK LLC

181.    Defendant Kroger Fulfillment Network owed a duty of reasonable care to Plaintiff Deandrea Williams.

182.    Defendant Kroger Fulfillment Network breached the legal duty of reasonable care and was negligent in one or more of the following ways in that:

>    a.   Failed to train its driver;
>
>    b.   Failed to hire a safe driver; and
>
>    c.   Failed to supervise its driver.

183.    As a direct and proximate result of Defendant Kroger Fulfillment Network's negligent acts and/or omissions described herein Plaintiff Deandrea Williams suffered painful bodily injuries and

23

other damages.

## IX. ACTS OF NEGLIGENCE – T & Y UNIVERSAL LLC

184. Defendant T & Y Universal owed a duty of reasonable care to Plaintiff Deandrea Williams.

185. Defendant T & Y Universal breached the legal duty of reasonable care and was negligent in one or more of the following ways in that:

      a.  Failed to train its driver;

      b.  Failed to hire a safe driver; and

      c.  Failed to supervise its driver.

186. As a direct and proximate result of Defendant T & Y Universal's negligent acts and/or omissions described herein Plaintiff Deandrea Williams suffered painful bodily injuries and other damages.

187. Defendant Kroger Co. (The) is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant T & Y Universal because T & Y Universal was contractor for Defendant Kroger Co. (The).

188. Defendant Kroger Dedicated Logistics Co. is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant T & Y Universal because T & Y Universal was contractor for Defendant Kroger Dedicated Logistics Co.

189. Defendant Kroger Limited Partnership I is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant T & Y Universal because T & Y Universal was contractor for Defendant Kroger Limited Partnership I.

190. Defendant Kroger Fulfillment Network LLC is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant T & Y Universal because T & Y

24

Universal was contractor for Defendant Kroger Fulfillment Network, LLC.

191.    Defendant J.B. Hunt Transport is vicariously liable to Plaintiff Deandrea Williams for the negligent acts and/or omissions of Defendant T & Y Universal because T & Y Universal was contractor for Defendant J.B. Hunt Transport.

192.    Defendant Kroger Co. (The) is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant T & Y Universal was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Co. (The) as its agent or servant.

193.    Defendant Kroger Dedicated Logistics Co. is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant T & Y Universal was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Dedicated Logistics Co as its agent or servant.

194.    Defendant Kroger Limited Partnership I is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant T & Y Universal was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Limited Partnership I as its agent or servant.

195.    Defendant Kroger Fulfillment Network, LLC is vicariously liable for the negligent acts and/or omissions of Defendant J.B. Hunt Transport because Defendant T & Y Universal was acting on March 21, 2024, with the permission of, and for the benefit of, the Defendant Kroger Fulfillment Network, LLC as its agent or servant.

196.    Defendant J.B. Hunt Transport is vicariously liable for the negligent acts and/or omissions of Defendant T & Y Universal because Defendant T & Y Universal was acting on March 21, 2024,

with the permission of, and for the benefit of, the Defendant J.B. Hunt Transport as its agent or servant.

## X.  DAMAGES

197.    As a direct and proximate result of one or more of the Defendants' negligent acts and/or omissions as indicated above, Plaintiff Deandrea Williams sustained harms and losses to her body and to her earning capacity.

198.    As a direct and proximate result of one or more of the Defendants' negligent acts and/or omissions, Plaintiff Deandrea Williams has become liable for certain medical expenses related to the injuries suffered from the collision described herein.

199.    As a direct and proximate result one or more of the Defendants' negligent acts and/or omissions, Plaintiff Deandrea Williams is entitled to recover damages from one or more of the Defendants for the following:

a)      Any and all applicable special damages or **Economic Damages** as defined  by *Tenn. Code Ann. § 29-39-101(1)*; and

b)      Any and all applicable **Noneconomic Damages** as defined by *Tenn. Code Ann. § 29-39- 101(2)*.

## XI.    RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, the Plaintiff sues the Defendants and demands judgment against one or more of them for compensatory damages in a fair and reasonable amount to be determined by a jury of twelve (12) peers under the law and evidence.  The Plaintiff further demands any such general relief to which she may be entitled.

26

Respectfully submitted,

**GRIFFITH LAW, P.L.L.C.**


**/s/ Joshua Cantrell**
**Joshua Cantrell, #037483**
**Jonathan L. Griffith, #19405**
**Attorneys for the Plaintiff**
**114 Cool Springs Boulevard**
**Franklin, TN  37067**
**josh@griffithinjurylaw.com**
**(615) 807-7900**

27